# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SHEILA HURLEY,

    Plaintiff,

v.                                                                 Civ. No. 20-850 GBW

STEPHANIE A. FUCHS, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING LEAVE TO FILE AMENDED COMPLAINT

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed August 24, 2020 ("Complaint"). *Doc. 1*.

Plaintiff, an employee of the Social Security Administration, brings claims against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), the Americans with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA"). Plaintiff alleges that Defendants instructed Plaintiff to work through her lunch hours without pay, failed to reasonably accommodate Plaintiff's disability, and failed to accommodate Plaintiff's need to care for a disabled daughter. Plaintiff also alleges that Defendants retaliated against Plaintiff with adverse actions.

To state an ADA discrimination claim, a plaintiff must allege "(1) that [she] is disabled within the meaning of the ADA; (2) that [she] is qualified for the job held or

desired; and (3) that [she] was discriminated against because of [her] disability." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1192 (10th Cir. 2018) (citation and internal quotation marks omitted). To state an ADA failure to accommodate claim, a plaintiff must allege that "(1) [she] is disabled; (2) [she] is otherwise qualified; and (3) [she] requested a plausibly reasonable accommodation." *Id.* at 1204 (citation omitted).

To state an interference or entitlement claim under the FMLA, a plaintiff must allege "(1) that [she] was entitled to FMLA leave, (2) that some adverse action by the employer interfered with [her] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of [her] FMLA rights." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006). To state a retaliation claim, a plaintiff "must show that: (1) she engaged in a protected activity; (2) [Defendants] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Id.* at 1171 (footnote omitted).

To state a retaliation claim under the FLSA, a plaintiff must allege: (1) she engaged in protected activity under FLSA, (2) she suffered an adverse employment action contemporaneous with or subsequent to the protected activity, and (3) a causal connection existed between the protected activity and the adverse employment action. *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997) (citations omitted).

A complaint is subject to dismissal if it fails to state a claim upon which relief may be granted. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. . . . [I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Complaint fails to state a claim upon which relief can be granted because Plaintiff fails to state with any particularity what each Defendant did to Plaintiff. Many of the allegations are conclusory, such as "Defendants violated my rights," "Defendants violated the FLSA," "Defendants discriminated against me in violat[ion] of the ADA and FMLA," and Defendants "retaliated and took adverse action." *Doc. 1* at 2–3.

While the Complaint can be dismissed for failure to state a claim upon which relief can be granted, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court therefore grants Plaintiff leave to file an amended complaint.

**IT IS ORDERED** that Plaintiff may, within 21 days of entry of this Order, file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE