# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SHEILA HURLEY,

      Plaintiff,

      v.                                NO. CIV 20-850 KRS/GBW

STEPHANIE A. FUCHS, JEFFREY S. SMITH,
JENNIFER FELLABAUM, ANDREW SAUL,
Commissioner of the SOCIAL SECURITY
ADMINISTRATION, and THE SOCIAL
SECURITY ADMINISTRATION,

      Defendants.

## DEFENDANTS'[1] MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Plaintiff's First Amended Complaint (Doc. 6) suffers from numerous defects that warrant dismissal of all the claims. First, this Court lacks subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claim for unpaid overtime because Plaintiff has failed to allege that the amount in controversy falls under the $10,000 limit of the Little Tucker Act. Second, Plaintiff has failed to plausibly allege all of the elements of her disability discrimination claims. Third, the Court lacks subject matter jurisdiction under the Family and Medical Leave Act ("FMLA") because Plaintiff was employed as a federal employee for over a year, and as such, the statute does not provide her a private right of action. Finally, Plaintiff fails to state a claim for a violation of the Employee Retirement Income Security Act ("ERISA") or its amendment, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), neither of which applies to federal government health plans.

---

[1] This Motion is on behalf of Defendants Commissioner of the Social Security Administration and the Social Security Administration only.

In addition, Plaintiff's claims against various individual defendants—Stephanie A. Fuchs, Jeffrey S. Smith, and Jennifer Fellabaum—are not cognizable under any of her theories of relief, warranting dismissal of these defendants. To the extent Plaintiff alleges any claims against them pursuant to 42 U.S.C. § 1983, this statute applies to state—not federal—employees, and Plaintiff fails to state any claims against them under the analog for federal employees, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 483 U.S. 388 (1971).

Defendants notified Plaintiff of this motion, and Plaintiff is opposed.

## FACTUAL BACKGROUND[2]

1. Plaintiff Sheila Hurley was employed by the Social Security Administration ("SSA") as an Attorney-Adviser at the GS-12 level from August 6, 2017 to April 19, 2019. *See* Doc. 6 ¶ 1; *see also* Declaration of Carol Ziglar-Love, attached hereto as Exhibit A, ¶¶ 2, 7.

2. Plaintiff alleges she was a non-exempt employee. Doc. 6 ¶ 12.

3. Plaintiff's annual salary when hired on August 6, 2017 was $72,356. *See* Ex. A ¶ 2.

4. Plaintiff received several salary increases while employed at the SSA, *see id.* ¶¶ 4-6:

    a. From $72,356 to $73,623 effective January 7, 2018;

    b. From $73,626 to $76,077 effective August 5, 2018; and

    c. From $76,077 to $77,436 effective January 6, 2019.

5. Plaintiff's annual salary when she resigned from her position as an Attorney-Advisor at the SSA was $77,436. *Id.* ¶ 7.

---

[2] These facts are recited for purposes of this motion to dismiss only. Referencing and characterizing those facts does not waive Defendants' right to contest them later.

6. Plaintiff's hourly wage in 2017 was $34.67, which is her 2017 salary of $72,356 divided by 2,087. *See* 5 U.S.C. § 5504(b)(1). Because her salary never dropped below $72,356, Plaintiff's hourly wage never dropped below $34.67 during the time she was employed at SSA. *See supra* ¶¶ 2-3.

7. Plaintiff's first claim for relief alleges unpaid overtime in violation of the FLSA based on her contention that "she would typically work at least five hours per week in excess of a 40 hour workweek" without compensation "during at least fifty of those forty-hour weeks." Doc. 6 ¶ 11-16.

8. Plaintiff's second claim for relief alleges failure to accommodate and retaliation under the ADA. *Id*. ¶¶ 17-22.

9. Plaintiff's third claim for relief alleges violation of the FMLA based on alleged revocation of leave to take care of Plaintiff's disabled daughter. *Id*. ¶¶ 23-29.

10. Plaintiff's fourth claim for relief alleges failure to comply with the notice provisions of COBRA. *Id*. ¶¶ 30-34.

## STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction generally take two forms—"facial attacks on the complaint's allegations" or factual attacks that "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). If the grounds for dismissal for lack of subject matter jurisdiction are not set forth on the face of the complaint, the court may not presume the truthfulness of the complaint's factual allegations but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *Id*. at 1002. Reference to such evidence outside the pleadings does not convert the motion

to a Rule 56 motion unless resolution of the jurisdictional question is intertwined with the merits of the case. *Id*.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if a plaintiff fails to state a claim upon which the court can grant the requested relief. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A plaintiff must furnish "more than labels and conclusions"—"a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. There must be something more than "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

## ARGUMENT

### I. The FLSA Claim Should Be Dismissed Because This Court Lacks Jurisdiction over FLSA Claims Seeking More Than $10,000 in Damages.

"Most suits for money damages against the United States proceed under the Tucker Act, 28 U.S.C. § 1491, which provides a limited waiver of the United States' sovereign immunity and grants 'jurisdiction [to] the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000.'" *Wyodak Res. Dev. Corp. v. United States*, 637 F.3d 1127, 1130 (10th Cir. 2011). The "Little Tucker Act," 28 U.S.C. § 1346(a)(2), "grants federal district courts concurrent jurisdiction over contract claims against the government where plaintiffs seek no more than $10,000 in damages." *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1081 (10th Cir. 2006). In sum, "Tucker Act claims for more than $10,000 can be brought only in the United States Claims Court. Claims for less than $10,000 generally can be brought either in a federal district court or in the United States Claims Court." *United States v. Hohri*, 482 U.S. 64, 67 n. 1 (1987).

It is well established that "the Tucker Act applies to a claim against the government under the monetary-damages provision of the FLSA, 29 U.S.C. § 216(b)." *Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014). This provision allows a plaintiff to bring an FLSA claim "against any employer (including a public agency) in any *Federal or State court of competent jurisdiction*." 29 U.S.C. § 216(b) (emphasis added). Whether this Court is one of competent jurisdiction depends on the amount of Plaintiff's FLSA claim, since the Little Tucker Act provides this Court with jurisdiction over FLSA claims only if they do not exceed $10,000. *See Moore v. Donley*, No. CIV-12-1003-HE, 2013 WL 3940898, at *2 (W.D. Okla. July 30, 2013) ("Because plaintiffs' FLSA claims fall within the purview of the Tucker Act, jurisdiction is only proper in this court if plaintiffs seek less than $10,000." (footnote omitted)). "A plaintiff attempting to invoke the subject matter of the federal district courts bears the burden to establish his or her claim does not exceed the $10,000.00 jurisdictional limit established by the Little Tucker Act." *Cortez v. E.E.O.C.*, 585 F. Supp. 2d 1273, 1288 (D.N.M. 2007).

Here, Plaintiff has not alleged facts showing that her FLSA claim is for $10,000 or less, nor has she disclaimed any recovery over $10,000. When a complaint "is silent as to the amount of damages" sought, "that reason alone may preclude the district court's jurisdiction" under the Little Tucker Act. *Refaei v. McHugh*, 624 F. App'x 142, 148 (5th Cir. 2015). In any event, the facts alleged in the Complaint, coupled with information about Plaintiff's salary, show that the amount in controversy exceeds $10,000. Plaintiff's FLSA claim alleges that while she was employed by the SSA, "[s]he typically worked during all lunch hours, so that she would typically work at least five hours per week in excess of a 40 hour workweek," and that "[s]he was not compensated for the extra hours beyond forty hours that she worked during at least fifty of those forty-hour weeks." Doc. 6 ¶ 13. She seeks "overtime compensation at a rate of 1.5 of her hourly

5

pay for all the hours worked in excess of 40 each week." *Id*. ¶ 14; *see also id*. ¶ 37 (requesting "[a]ll overtime not paid"). Based on Plaintiff's hourly wage of at least $34.67 at the SSA, and her allegation that she worked 250 hours (50 weeks x 5 hours/week) of unpaid overtime for which she was entitled to 1.5 times her hourly wage, her FLSA claim amounts to roughly $13,001.25 (250 hours x $34.67/hour x 1.5), which exceeds the $10,000 limit of this Court's jurisdiction under the Little Tucker Act.

Because Plaintiff's FLSA claim is "seeking more than $10,000 in damages, jurisdiction is proper only in the Court of Federal Claims under the Tucker Act." *Union Pac. R. Co. v. U.S. ex rel. U.S. Army Corps of Engineers*, 591 F.3d 1311, 1320 (10th Cir. 2010) (remanding contract claim improperly brought in district court for dismissal for lack of jurisdiction). The Court should therefore dismiss Plaintiff's FLSA claim for lack of jurisdiction. *See, e.g.*, *Johnson v. Lightfoot*, 273 F. Supp. 3d 278, 288 (D.D.C. 2017) (dismissing federal employee's FLSA claim for lack of subject-matter jurisdiction because the amount in controversy exceeded $10,000).

Even if the Court determines it has jurisdiction over the FLSA claims, the Court should dismiss the individual defendants. An individual may be liable under the FLSA only if she is an "employer," which is defined as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Tenth Circuit has not yet decided whether individual supervisors or managers may be liable under the FLSA. *See Anderson v. XTO Energy, Inc*., 341 F. Supp. 3d 1272, 1277 (D.N.M. 2018) (noting the absence of "Tenth Circuit law on when an individual supervisor or manager may be considered an employer under the FLSA").

The Tenth Circuit applies an "economic reality test" to determine whether an employer-employee relationship exists under the FLSA. *See Baker v. Flint Eng'g & Const. Co*., 137 F.3d

1436, 1440 (10th Cir. 1998). District courts within the Tenth Circuit have adapted this test to determine whether an individual may be liable as an employer under the FLSA, focusing on "whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Guereca v. Cordero*, No. 2:19-CV-568-GJF-SMV, — F. Supp. 3d —, 2020 WL 1495299, at *6 (D.N.M. Mar. 27, 2020) (quoting *Baker*, 137 F.3d at 1440).

Here, Plaintiff alleges only that Ms. Fuchs was her supervisor and instructed her to work through lunch, Doc. 6 ¶ 15 but her other allegations show that Ms. Fuchs had no power to fire her, *see id*. ¶ 28 (noting that Ms. Fuchs "continued to wage a subtle campaign . . . to end her employment" and "persuaded personnel in the Regional Office . . . to end Plaintiff's employment"). There are no allegations regarding Ms. Fuchs' ability to hire Plaintiff, determine her rate of pay, or maintain employment records. There are even fewer allegations regarding Mr. Smith, who was Ms. Fuchs' supervisor, *see id*. ¶ 3, or Ms. Fellabaum, whose relationship to Plaintiff is unexplained. These allegations are insufficient to plausibly claim that any of these employees of the SSA were Plaintiff's employer within the meaning of the FLSA. *See Hunter v. Agility Energy, Inc.*, 419 F. Supp. 3d 1269, 1275-77 (D. Utah 2019) (dismissing individual defendants where the complaint failed to allege that they were "personally involved in making decisions that would determine Plaintiff's pay structure," but refusing to dismiss claim against supervisor where the complaint sufficiently alleged that he had power "to hire and fire employees" and "supervision or control over the employees' conditions of employment and rate and method of pay").

By contrast, cases finding that the plaintiff had plausibly alleged a claim under the FLSA against an individual involved allegations showing that the individual had the requisite control over the plaintiff's employment in light of economic realities. *See, e.g.*, *Knerr v. Boulder BJ, LLC*, No. 19-CV-00799-JKL-MEH, 2020 WL 5126138, at *5 (D. Colo. Apr. 7, 2020) (denying motion to dismiss where the plaintiffs alleged that the individual defendants owned the stores where they worked, had power over the stores' personnel and pay decisions, and had authority to fire and hire employees); *Guereca*, 2020 WL 1495299, at *7 (denying motion to dismiss where "Plaintiff ha[d] factually alleged two of the four factors identified in *Baker*," i.e., that the defendants had the power to hire and fire and determine the rate of payment); *Cisneros v. EP Wrap-It Insulation, LLC*, No. CV 19-500 GBW/GJF, 2019 WL 5268634, at *5 (D.N.M. Oct. 17, 2019) (denying motion to dismiss where the plaintiffs alleged that the defendants were corporate officers and determined the rate and method of payment, "which is highly relevant to the Plaintiffs' claims of nonpayment of wages").

Given the lack of factual allegations showing that any of the individual defendants was an employer with the meaning of the FLSA, the Court should dismiss the individual defendants from this claim.

## II. The Court Should Dismiss Plaintiff's Disability-Based Claims.

Plaintiff's second claim for relief alleges that Defendants failed to provide a reasonable accommodation for her osteoarthritis and retaliated against her in violation of the Americans with Disabilities Act. Doc. 6 ¶¶ 17-22. As an initial matter, because the ADA does not apply to the federal government, the Court should construe the second claim as arising under the Rehabilitation Act.[3] *See, e.g.*, *Padilla v. Mnuchin*, No. 20-1177, 2020 WL 6947803, at *1 n.1 (10th Cir. Nov. 25,

---

[3] Because the employment discrimination claims under the Rehabilitation Act incorporate the "standards applied under Title I of the Americans with Disabilities Act," 29 U.S.C. § 794(d),

2020) (noting that "federal employees are expressly excluded from coverage under the ADA," and their "exclusive remedy is under the Rehabilitation Act").

Furthermore, the only proper defendant with respect to this claim is the Commissioner of the Social Security Administration. "In an action pursuant to the Rehabilitation Act, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'" *Ra'Shadd v. Solis*, No. 12-CV-02554-BNB, 2013 WL 317718, at *2 (D. Colo. Jan. 28, 2013) (quoting 42 U.S.C. § 2000e–16(c)); *see also Hare v. Donahoe*, No. 13-CV-508-JED-FHM, 2014 WL 4793346, at *2 (N.D. Okla. Sept. 25, 2014), *aff'd*, 608 F. App'x 627 (10th Cir. 2015) ("[I]n a suit under Title VII or the Rehabilitation Act against the United States, only the head of the federal agency or department sued is a proper defendant."). The Court should dismiss the individual defendants from this claim.

### A. Plaintiff Has Failed to State a Claim for Failure to Accommodate a Disability.

As previously explained in the Court's Memorandum Opinion and Order Granting Leave to File Amended Complaint, "[t]o state an ADA failure to accommodate claim, a plaintiff must allege that "(1) [she] is disabled; (2) [she] is otherwise qualified; and (3) [she] requested a plausibly reasonable accommodation." Doc. 5 at 2 (quoting *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1204 (10th Cir. 2018)). Defendants do not dispute for purposes of this Motion that Plaintiff's osteoarthritis constitutes a disability within the meaning of the Rehabilitation Act.

Plaintiff's failure-to-accommodate claim is deficient as a matter of law because she has not alleged that she is "otherwise qualified." The Tenth Circuit has established a two-step process for determining whether a federal employee is "otherwise qualified" under the Rehabilitation Act: "First, [the court] must determine whether the individual could perform the essential functions of

---

"[c]ases decided under section 504 of the Rehabilitation Act are therefore applicable to cases brought under the ADA and vice versa, except to the extent the ADA expressly states otherwise." *Woodman v. Runyon*, 132 F.3d 1330, 1339 n.8 (10th Cir. 1997).

9

the job," and "[s]econd, if (but only if) [the court] concludes that the individual is *not* able to perform the essential functions of the job, [the court] must determine whether any reasonable accommodation by the employer would enable him to perform those functions." *Woodman v. Runyon*, 132 F.3d 1330, 1339 (10th Cir. 1997) (quoting *White v. York Int'l Corp.*, 45 F.3d 357, 361-62 (10th Cir. 1995) (emphasis added)).

Here, while Plaintiff alleges that her osteoarthritis constitutes a "permanent condition," she also alleges that "[a]t SSA OHO, she received excellent reviews for both quality and productivity" and "was one of the most productive workers at her worksite." Doc. 6 ¶ 19. Because Plaintiff does not allege that her osteoarthritis rendered her unable to perform the essential functions of her job, she fails the first step of *Woodman*, and her failure-to-accommodate claim necessarily fails. *See Rohr v. Union Pac. R.R. Co.*, No. 19-1114-JTM, 2020 WL 1043588, at *2 (D. Kan. Mar. 4, 2020), *appeal docketed*, No. 20-3201 (10th Cir. Oct. 5, 2020) (dismissing failure-to-accommodate claim because the plaintiff alleged that he did not need an accommodation to do his job).

Furthermore, Plaintiff has failed to allege a plausibly reasonable accommodation. According to Plaintiff, she sought to avoid assignments that require more typing, i.e., assignments that "are more complex or involve multiple impairments or lengthy and/or complex treatments." Doc. 6 ¶ 20. In other words, her requested accommodation was to do less-complex work and to shift the more-complex cases to others. But "an accommodation that would require other employees to work harder is unreasonable." *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1121 (10th Cir. 2004). In a similar case involving a federal attorney seeking less-complex assignments as an accommodation for his depression, the court held that the requested accommodation was unreasonable. *See Bolstein v. Reich*, No. CIV. A. 93-1092, 1995 WL 46387, at *4 (D.D.C. Jan. 19, 1995), *aff'd*, No. 95-5029, 1995 WL 686236 (D.C. Cir. Oct. 4, 1995). In particular, the court noted

that "Plaintiff asks that the agency free him from the precise duties—independent work and complex assignments—which justify his GS–14 grade and salary, but permit him to continue to earn the salary and benefits of a GS–14." *Id*.

Because Plaintiff is not otherwise qualified and has failed to request a plausibly reasonable accommodation, the Court should dismiss her failure-to-accommodate claim.

**B.      Plaintiff Has Failed to State a Claim for Retaliation.**

Plaintiff further alleges that instead of accommodating her disability, her supervisor "retaliated by increasing the type of assignments that would exacerbate Plaintiff's symptoms of pain and swelling." Doc. 6 ¶ 21. She further alleges that when she complained about Ms. Fuchs, Defendants "retaliated by attempting to push Plaintiff out of her employment." *Id*. ¶ 22.

The elements of a prima facie retaliation claim under the Rehabilitation Act are 1) the plaintiff engaged in protected activity; 2) the plaintiff suffered a materially adverse employment action; and 3) there exists a causal connection between the two. *See Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010). For purposes of this motion, Defendants will assume that Plaintiff's requesting an accommodation was a protected activity. *See, e.g.*, *Otero v. N.M. Corrections Dep't*, 640 F. Supp. 2d 1346, 1356 (D.N.M. 2009) (noting that "a request for accommodation in and of itself can be a protected activity under the ADA").

A materially adverse employment action is one that "amount[s] to a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or causing a significant change in benefits." *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004) (internal quotation marks and alteration omitted). Here, Plaintiff alleges that the materially adverse employment actions consisted of refusal to accommodate her disability and attempting to push her out of her job. However, a retaliation claim based on refusal

to accommodate is duplicative of the failure-to-accommodate claim. *See Moore-Fotso v. Bd. of Educ. of the City of Chicago*, 211 F. Supp. 3d 1012, 1037 (N.D. Ill. 2016) ("A 'failure to accommodate' cannot serve as an adverse action for an ADA retaliation claim because it merely restates an underlying failure to accommodate claim."); *Brittan-Powell v. Coppin State Univ.*, No. CV ADC-19-2902, 2020 WL 1809192, at *4 (D. Md. Apr. 9, 2020) ("[T]o the extent Plaintiff alleges Defendants discriminated and retaliated against him by denying him an accommodation for his disability, . . . Plaintiff's claims are duplicative of his failure to accommodate claim and will be dismissed accordingly.").

Plaintiff's allegation that Defendants attempted to get her fired is also not a materially adverse employment action, given that she alleges that she voluntarily quit. While constructive discharge is considered a materially adverse employment action, *see Rennard v. Woodworker's Supply, Inc.*, 101 F. App'x 296, 308 (10th Cir. 2004), "[i]n order to make out a constructive discharge claim, [Plaintiff] must allege facts sufficient to demonstrate under an objective test that a reasonable person would have viewed her working conditions as intolerable," *Jeffries v. State of Kan.*, 147 F.3d 1220, 1233 (10th Cir. 1998), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). Plaintiff does not contend that her workload of complex cases or the alleged efforts to terminate her made her working conditions so intolerable that she had no other choice but to quit. To the contrary, "Plaintiff determined that the best course of action was to resign on April 19, 2019, and work on obtaining the requested investigation and resolution of these issues outside of the Agency." Doc. 6 ¶ 28. "If an employee resigns of her own free will, even as a result of the employer's actions, that employee will not be held to have been constructively discharged." *Jeffries*, 147 F.3d at 1233. Accordingly, Plaintiff cannot show that any of the alleged retaliation constituted a materially adverse employment action.

In any event, the retaliation claim fails because Plaintiff has not alleged a plausible causal connection between her protected activity and any materially adverse employment action. For example, while a plaintiff may establish causation by showing "very close temporal proximity between the protected activity and the retaliatory conduct," *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1182 (10th Cir. 2006), Plaintiff does not allege when any of actions took place, nor does she allege any other nonconclusory facts that plausibly show a causal connection. Indeed, Plaintiff's allegations about Defendants seeking to terminate her appear to relate to her unauthorized use of leave to pick up her daughter rather than her request to accommodate her osteoarthritis. *See* Doc. 6 ¶ 28. Accordingly, the Court should dismiss her retaliation claim. *See Forslund v. Nat'l Tech. & Eng'g Sols. of Sandia, LLC*, No. 1:20-CV-171 WJ/SCY, 2020 WL 1866220, at *3 (D.N.M. Apr. 14, 2020) (dismissing ADA retaliation claim because the "Plaintiff has not pleaded any factual details asserting a causal connection between his reports of discrimination and these allegedly adverse actions," which left "the timing between . . . incidents of protected opposition and allegedly adverse employment action . . . open for conjecture"); *Stratton v. United Launch All., L.L.C.*, No. 13-CV-01756-RBJ-KLM, 2014 WL 3644565, at *4 (D. Colo. July 23, 2014) (dismissing ADA retaliation claim for failure to "plead sufficient material allegations to establish a causal connection").

### III. The FMLA Claim Should Be Dismissed Because There Is No Private Right of Action for Federal Employees Employed for More Than One Year.

"Title II of the FMLA, 5 U.S.C. §§ 6381, *et seq.*, governs federal civil-service employees employed for more than one year, whereas Title I, 29 U.S.C. §§ 2601, *et seq.*, governs federal civil-service employees not covered by Title II." *Scull v. Wolf*, No. 20-CV-01624-NYW, 2020 WL 7384842, at *6 (D. Colo. Dec. 16, 2020). Unlike Title I, *see* 29 U.S.C. § 2617(a)(2), Title II of the FMLA does not provide a private right of action. *See Russell v. U.S. Dep't of the Army*, 191 F.3d

1016, 1019 (9th Cir. 1999) (holding that "the absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions").

Here, Plaintiff alleges she was employed by the SSA for over one year, from August 6, 2017 to April 19, 2019. *See* Doc. 6 ¶ 1. Hence, she is covered under Title II of the FMLA, which provides no private right of action. "The proper procedure for a Title II employee with a grievance concerning extended leave is to bring a claim before the [Merit Systems Protection Board], not a federal district court." *Berry v. F.A.A.*, No. 05 CV 00779 WYD CBS, 2006 WL 446080, at *2 (D. Colo. Feb. 21, 2006). The Court should therefore dismiss Plaintiff's third claim for relief for lack of subject matter jurisdiction. *See, e.g.*, *Scull*, 2020 WL 7384842, at *7 (D. Colo. Dec. 16, 2020) (dismissing FMLA claim of "a Title II federal civil-service employee" because she "lacks a private cause of action against the [federal agency employer] for alleged violations of the FMLA").

If the Court retains the FMLA claims, it should dismiss the individual defendants. "The definition of "employer" in the FMLA is substantively identical to that in the Fair Labor Standards Act." *Cordova v. New Mexico*, 283 F. Supp. 3d 1028, 1036 (D.N.M. 2017); *see also* 29 U.S.C. § 2611(a)(4)(ii)(I) (defining "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer"). Accordingly, while the "Tenth Circuit has yet to decide whether there is individual liability under the FMLA," district courts have applied the same economic reality test that applies under the FLSA. *Saavedra v. Lowe's Home Ctrs., Inc.*, 748 F. Supp. 2d 1273, 1283-84 (D.N.M. 2010). Because Plaintiff has not alleged sufficient facts to state a plausible claim that any of the individual defendants was her employer under the FLSA, *see supra* Part I, her claims against them under the FMLA also fail and should be dismissed.

## IV. The COBRA Claim Should Be Dismissed Because COBRA Does Not Apply to Federal Government Health Plans.

Plaintiff's fourth claim for relief alleges that her SSA-provided health insurance plan is a qualified plan under ERISA and that the SSA wrongfully terminated her health insurance benefits early as well as violated the notice provisions of COBRA. *See* Doc. 6 ¶¶ 30-34.

Plaintiff's claim fails because federal government health plans are not subject to ERISA or COBRA, which is part of ERISA Title I. *See* 29 U.S.C. § 1003(b) (excluding "governmental plan[s]" from ERISA); *id*. § 1002(32) (defining "governmental plan" as, *inter alia*, "a plan established or maintained for its employees by the Government of the United States"); *Call Henry, Inc. v. United States*, 125 Fed. Cl. 282, 287 (2016), *aff'd*, 855 F.3d 1348 (Fed. Cir. 2017) ("Title I of ERISA specifically excluded the Federal Government from the definition of 'employer' for the purpose of employee benefit plans by providing a separate definition for 'governmental plan.'"); *Ezeh v. VA Med. Ctr., Canandaigua, NY*, No. 13-CV-06563 EAW, 2014 WL 4897905, at *12 (W.D.N.Y. Sept. 29, 2014) ("As a threshold matter, COBRA does not apply to health plans sponsored by the federal government.").

"A court may dismiss a complaint under Rule 12(b)(6) if the claims assert a legal theory that is not cognizable as a matter of law . . . ." *Muller v. Islands at Rio Rancho Homeowners Ass'n*, No. CV 13-351 LFG/RHS, 2013 WL 12157872, at *4 (D.N.M. Oct. 4, 2013). Because Plaintiff cannot show that ERISA or COBRA applied to her federal government health care plan, the Court should dismiss the fourth claim for relief.

Furthermore, if the Court declines to dismiss this claim, it should dismiss the individual defendants. First, Plaintiff has failed to allege that any of the individual defendants participated in the alleged COBRA violation. *See* Doc. 6 ¶¶ 30-34. As the Court noted in its Memorandum Opinion and Order Granting Leave to File Amended Complaint, "[t]he Complaint fails to state a

claim upon which relief can be granted because Plaintiff fails to state with any particularity what each Defendant did to Plaintiff." Doc. 5 at 3. Plaintiff's Amended Complaint fares no better. Second, Plaintiff cannot show that any of the individual defendants is liable as an "employer" or "administrator." ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, *in relation to an employee benefit plan*." 29 U.S.C. § 1002(5) (emphasis added); *see also McDowell v. Krawchison*, 125 F.3d 954, 961 (6th Cir. 1997). An "administrator" under COBRA is "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16); *see also Shuck v. Wichita Hockey, Inc.,* 356 F. Supp. 2d 1191, 1194 (D. Kan. 2005). Plaintiff does not allege that any of the individual defendants acted as an employer in relation to her health insurance plan or was designated an administrator of her health insurance plan. Accordingly, the Court should dismiss the individual defendants from this claim. *See Shuck*, 356 F. Supp. 2d at 1195.

**V.     Plaintiff's Claims Are Not Cognizable under 42 U.S.C. § 1983 or *Bivens*.**

Finally, Plaintiff has styled the First Amended Complaint as a "Civil Rights Complaint Pursuant to 42 USC Sec. 1983." Doc. 6 at 1 (caption); *id*. ¶ 5 (alleging jurisdiction under Section 1983). She further alleges that Defendants Fuchs and Smith were "acting under color of state law." *Id*. ¶¶ 2-3. It is well established, however, that Section 1983 does not apply to *federal* defendants. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) (noting that Section 1983 "entitles an injured person to money damages if a *state* official violates his or her constitutional rights" (emphasis added)). *Bivens* is the "federal analog to suits brought against state officials under [Section 1983]." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (internal quotation marks omitted). A *Bivens* action "provides a private action for damages against federal officers who violate certain constitutional rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks omitted).

Here, Plaintiff does not allege any constitutional violations and alleges only violations of federal statutes. The Court should therefore decline to construe the First Amended Complaint as raising any *Bivens* claims against the individual defendants. *See, e.g.*, *Marino v. United States Dep't of Interior*, No. CIV 06-506 JH/RHS, 2008 WL 11324070, at *2 (D.N.M. June 4, 2008) (holding that availability of remedies under federal employment statutes was "intended to preclude *Bivens* remedies in the federal-employment context").

## CONCLUSION

For the foregoing reasons, the Court should dismiss the First Amended Complaint in its entirety.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ Christine H. Lyman 1/13/21*
CHRISTINE H. LYMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1532; Fax: (505) 346-7205
Christine.Lyman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Christine H. Lyman 1/13/21*
CHRISTINE H. LYMAN
Assistant United States Attorney