IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHEILA HURLEY,

    Plaintiff,

v.                                                          NO. CIV 20-850 JAP/GBW

STEPHANIE A. FUCHS, JEFFREY S. SMITH,
JENNIFER FELLABAUM, ANDREW SAUL,
Commissioner of the SOCIAL SECURITY
ADMINISTRATION, and THE SOCIAL
SECURITY ADMINISTRATION,

    Defendants.

**DEFENDANTS'[1] REPLY IN SUPPORT OF MOTION TO DISMISS AND
OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR LEAVE TO AMEND**

In Plaintiff's Response (Doc. 16) to Defendants' Motion to Dismiss (Doc. 9), Plaintiff concedes that Counts III and IV of the First Amended Complaint should be dismissed. *See* Doc. 16 at 2. Plaintiff further concedes that Defendant Jennifer Fellabaum should be dismissed from Count I,[2] and that all defendants other than the Commissioner of the Social Security Administration should be dismissed from Count II. *See id*. at 8-9.

The Court should dismiss the remaining claims and defendants in the First Amended Complaint and deny leave to amend a second time. Although Plaintiff is *pro se*, she is an attorney. *See* Doc. 9 at 2 ¶ 1. As such, Plaintiff is not entitled to the liberal construction generally afforded to *pro se* pleadings. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).[3] Plaintiff concedes

---

[1] This Reply is on behalf of Defendants Commissioner of the Social Security Administration and the Social Security Administration only.

[2] The basis for dismissing Stephanie Fuchs and Jeffrey Smith as individual defendants from Count I has been presented in Defendants' Motion to Dismiss and need not be repeated here.

[3] In *Smith*, the Tenth Circuit noted that the *pro se* attorney in question was licensed. *See* 258 F.3d at 1174. "Courts may take judicial notice of whether or not an individual is a licensed attorney."

that the Court lacks Little Tucker Act jurisdiction over her Fair Labor Standards Act ("FLSA") claim, for which she now claims damages that "greatly exceed $10,000." Doc. 16 at 4. Accordingly, the Court should dismiss the FLSA claim without prejudice for lack of subject matter jurisdiction. Furthermore, the First Amended Complaint fails to state a claim for failure to accommodate or retaliation under the Rehabilitation Act. Plaintiff's effort to introduce new facts in her opposition to avoid dismissal is unavailing, since the Court may consider only the facts alleged in the operative complaint.

The Court should deny Plaintiff's Cross Motion for Leave to Amend Her Complaint a second time pursuant to Federal Rule of Civil Procedure 15(a)(2), since further amendment would be futile. The Court lacks jurisdiction over the proposed amended FLSA claim, which now clearly alleges that the claim exceeds the $10,000 jurisdictional threshold under the Little Tucker Act. Plaintiff has also failed to cure the defects in her Rehabilitation Act claim.

## ARGUMENT

**I.     The FLSA Claim Should Be Dismissed without Prejudice Because Plaintiff Concedes That She is Seeking More Than $10,000 in Damages, and Transfer to the Court of Federal Claims Would Not Be in the Interest of Justice.**

"Plaintiff does not dispute this Court's lack of jurisdiction for FLSA claims in excess of $10,000." Doc. 16 at 1. Moreover, "Plaintiff does not dispute the fact that compensation for the hours of overtime due are likely to greatly exceed $10,000." *Id*. at 4. Therefore, Plaintiff concedes that this Court lacks jurisdiction over her FLSA claim.

---

*Thurlo v. Guiding Star LLC*, No. CV 12-889 JB/LFG, 2012 WL 13076565, at *3 n.3 (D.N.M. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 5378963 (D.N.M. Sept. 26, 2012); *see also In re Klipstine*, 894 F. Supp. 2d 1351, 1353 n.5 (D.N.M. 2012). According to online state bar websites, Ms. Hurley is currently licensed to practice law in New York and has a limited license to practice law in New Mexico.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. "Although . . . § 1631 contain[s] the word 'shall,' [the Tenth Circuit] ha[s] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). Hence, the Court has "authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court . . . that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (quoting 28 U.S.C. § 1631). Factors warranting transfer rather than dismissal "include finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (internal quotation marks and citations omitted). The plaintiff bears "the burden of proving grounds for a transfer." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 108 (10th Cir. 2012) (internal quotation marks omitted).

Plaintiff argues for transfer to the Court of Federal Claims rather than dismissal because "dismissal will extinguish some of the Plaintiff's time-limited factual basis for unpaid overtime under the statute." Doc. 16 at 4. Under the FLSA, an action to recover unpaid overtime compensation "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Although the Tenth Circuit does

not appear to have opined on when a cause of action accrues under the FLSA, district courts within the Tenth Circuit have held that "a new cause of action accrues each time the employer issues a paycheck in violation of the FLSA." *Topp v. Lone Tree Athletic Club, Inc.*, No. 13-CV-01645-WYD-KLM, 2014 WL 3509201, at *8 (D. Colo. July 15, 2014) (citing *Nealon v. Stone*, 958 F.2d 584, 591 (4th Cir. 1992)). Here, Plaintiff alleges unpaid overtime "from August 6, 2017 through April 19, 2019." Doc. 6 ¶ 7. Thus, regardless of whether the two- or three-year statute of limitations applies, Plaintiff still appears to have timely claims under the FLSA.

Plaintiff further contends that "it would not be an expeditious use of judicial and court resources to dismiss and require the duplication of efforts by the federal Court of Claims should Plaintiff be required to restart her case in that forum." Doc. 16 at 4. It is unclear, however, what efforts would be duplicated if Plaintiff refiles her complaint in the Court of Federal Claims. If anything, given Plaintiff's stated desire to hire an attorney and bring a collective action, *id*. at 5, starting her FLSA case anew in the correct forum rather than transferring her *pro se* complaint would conserve judicial resources.[4] Because "little pleading and no discovery will need to be repeated" if Plaintiff refiles in the Court of Federal Claims, this factor does not favor transfer. *Grynberg*, 490 F. App'x at 20 (internal quotation marks omitted).

Plaintiff—an attorney—should have realized based on simple calculations that her FLSA claim exceeded $10,000 and that the District of New Mexico lacked jurisdiction under the Little Tucker Act. "This is not a case in which jurisdiction and venue turned on the existence of some elusive fact about which [the *pro se* plaintiff] made an erroneous guess." *Keaveney v. Larimer*,

---

[4] To the extent that Plaintiff seeks to avoid the burdens of redrafting the complaint and paying a second filing fee, the Tenth Circuit has observed that "these are not the severe burdens that motivated the enactment of [28 U.S.C.] § 1406(a)," *Witte v. Sloan*, 250 F. App'x 250, 254 (10th Cir. 2007), a venue transfer statute that the Tenth Circuit construes identically to 28 U.S.C. § 1631, *see Trujillo*, 465 F.3d at 1222.

4

242 F.3d 389 (Table), 2000 WL 1853994, at *1 (10th Cir. Dec. 19, 2000) (internal quotation marks omitted). Because Plaintiff cannot show that transfer, rather than dismissal, would be in the interest of justice, the Court should dismiss her FLSA claim without prejudice to refiling in the Court of Federal Claims.

In the alternative, Plaintiff asks the Court to assume Little Tucker Act jurisdiction based on her purported waiver of claims over $10,000. *See* Doc. 16 at 5. "In cases involving waiver of claims against the government in excess of $10,000, the existence of jurisdiction in the District Court depends on the plaintiff's choice, as long as the waiver is clearly and adequately expressed." *Goble v. Marsh*, 684 F.2d 12, 17 (D.C. Cir. 1982). Here, Plaintiff seeks to waive her claims in excess of $10,000 only if the Court declines to transfer the FLSA claim to the Court of Federal Claims. Plaintiff's choice is to pursue her claim, which indisputably exceeds $10,000, in that forum. A conditional waiver of claims does not "clearly and adequately express" a desire to waive claims in excess of $10,000. Therefore, this conditional waiver does not establish that this Court has jurisdiction over the FLSA claim. *See Diaz v. Johnson*, No. CV 17-11645-MPK, 2019 WL 1903380, at *5 (D. Mass. Apr. 29, 2019) ("By failing to allege either that his claim is for less than $10,000.00 in damages, or that he clearly waives any amount of monetary damages over $9,999.99, [the plaintiff] has not established subject matter jurisdiction under the Little Tucker Act, and his claim must be dismissed.") (footnote omitted)).

**II.    The Rehabilitation Act Claim Should Be Dismissed for Failure to State a Claim.**

Plaintiff's second claim, which she concedes arises under the Rehabilitation Act rather than the Americans with Disabilities Act ("ADA"), *see* Doc. 16 at 9, fails to state a claim for disability discrimination based on failure to accommodate or retaliation. Although Plaintiff seeks to introduce a plethora of new facts to forestall dismissal, *see id*. at 10-13, it is axiomatic that "[i]n deciding a Rule 12(b)(6) motion, a federal court may only consider facts alleged within the

5

complaint." *Cty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1035 (10th Cir. 2002). Because "[a] plaintiff[] may not effectively amend [her] Complaint by alleging new facts in their response to a motion to dismiss," the Court should "disregard[] the additional factual claims asserted by the plaintiff[] in [her] response to [the] motion to dismiss*." In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004).

### A. Plaintiff Has Failed to State a Claim for Failure to Accommodate a Disability.

Plaintiff's failure-to-accommodate claim fails to allege a required element under the Rehabilitation Act—namely, that she could not perform the essential functions of her job. "The Tenth Circuit employs a two-part analysis for determining whether a person is qualified under the [Rehabilitation Act]. First, the court must determine whether the individual could perform the essential functions of the job. Second, if, and only if, the court concludes that the individual is not able to perform the essential functions of the job, the court must determine whether any reasonable accommodation by the employer would enable [her] to perform those functions." *Haskew v. Sw. Airlines Co.*, No. CV 19-00732-JAP/LF, 2020 WL 2615525, at *7 (D.N.M. May 22, 2020) (internal quotation marks and citations omitted).[5]

Contrary to Plaintiff's *post hoc* assertion that "she alleged that she could not perform the essential functions of the job without an accommodation," Doc. 16 at 10, the Complaint shows otherwise. The Complaint alleges not only that Plaintiff was able to perform the essential functions of her job as a decision writer—*i.e.*, writing decisions—but also that she was highly productive and received excellent reviews. *See* Doc. 6 ¶¶ 7, 19. Because her allegations show that she could perform the essential functions of her job, her failure-to-accommodate claim does not proceed to

---

[5] Although the Court construed a failure-to-accommodate claim under the ADA, the same standards govern the ADA and Rehabilitation Act. *Woodman v. Runyon*, 132 F.3d 1330, 1339 n.8 (10th Cir. 1997).

6

the second step of the Tenth Circuit's test. *See Adair v. City of Muskogee*, 823 F.3d 1297, 1311 (10th Cir. 2016) ("Where a plaintiff is *unable to perform the essential functions of his job*, the plaintiff must show that the employer could accommodate his disability and that such an accommodation would be reasonable." (emphasis added)).

Even assuming that Plaintiff could not perform the essential functions of her job, to state a claim for failure to accommodate, Plaintiff must allege that she "requested a plausibly reasonable accommodation." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1204 (10th Cir. 2018) (internal quotation marks omitted). Here, the only accommodation that Plaintiff alleges she actually requested was less-complex work. Doc. 6 ¶ 20. Although Plaintiff disputes whether her being assigned less-complex cases would result in inequitable work distribution, it is fair to assume that if granted the accommodation, the more-complex cases would land on her co-workers. An accommodation is unreasonable, however, if it results in redistribution of harder work. *See Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1124 (10th Cir. 1995) (holding that "allowing plaintiffs," whose job was to load grocery items onto pallets, "to move only the lighter loads is more accommodation than is reasonable"). Nor is an accommodation reasonable, even if the quantity of work remains the same, if it results in a "heavier burden" on coworkers. *See Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996) (holding that proposed accommodation of placing diabetic plaintiff in a pure day-shift position was unreasonable when all other co-workers with the same position were on rotating shifts).

Because the First Amended Complaint does not plausibly allege that Plaintiff is otherwise qualified and requested a plausibly reasonable accommodation, the Court should dismiss her failure-to-accommodate claim.

### B. Plaintiff Has Failed to State a Claim for Retaliation.

Plaintiff's retaliation claim fails as a matter of law because Plaintiff does not allege a materially adverse employment action resulting from any protected activity.[6]

Plaintiff alleges that her supervisor retaliated by giving her more of the complex cases, Doc. 6 ¶ 21, but this allegation merely duplicates her failure-to-accommodate claim. *See, e.g.*, *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) (holding that a retaliation claim based on failure to accommodate "merely reclothes" the failure-to-accommodate claim and did not provide an independent basis for recovery). She also alleges that her supervisor "retaliated by attempting to push Plaintiff out of her employment." Doc. 6 ¶ 22. Notably, Plaintiff does not allege that her supervisor succeeded in terminating her. Rather, Plaintiff alleges that she "determined that the best course of action was to resign on April 19, 2019 . . . , rather than continue to suffer Defendant Fuchs' efforts to push her out of the Agency." *Id*. ¶ 28. While termination is, without question, a materially adverse employment action, a "subtle campaign . . . to end her employment," *id*., is not materially adverse. *See, e.g.*, *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1190 (10th Cir. 2002) (holding that an "unsuccessful attempt to transfer [the plaintiff] was not a materially adverse employment action"). Nor can Plaintiff show that she was constructively discharged, since the Complaint does not allege facts showing that a reasonable person would have viewed her working conditions as intolerable. *See Jeffries v. State of Kan.*, 147 F.3d 1220, 1233 (10th Cir. 1998), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742

---

[6] Plaintiff incorrectly asserts that Defendants conceded in their Motion to Dismiss that she engaged in protected activity and suffered a materially adverse employment action. *See* Doc. 16 at 13. However, Defendants assumed for purposes of the Motion only that Plaintiff engaged in protected activity. Defendants contested whether Plaintiff alleged a materially adverse employment action. *See* Doc. 9 at 11-12 ("Plaintiff cannot show that any of the alleged retaliation constituted an adverse employment action.").

8

(1998). Absent a materially adverse employment action, Plaintiff's retaliation claim fails. *See Atwell v. Gabow*, 311 F. App'x 122, 124-25 (10th Cir. 2009) (affirming dismissal of retaliation claim because "the complaint does not adequately allege facts establishing . . . an action that a reasonable employee would regard as materially adverse").

### III. The Court Should Deny Leave to Amend the Complaint a Second Time.

In her Response in Opposition to Defendant's Motion to Dismiss, Plaintiff cross-moves for leave to amend the complaint and attaches a proposed Second Amended Complaint.[7] *See* Doc. 16 at 1, 17-25.

Courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Tenth Circuit "case law establishes a limitation to this principle: the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Where the ground for futility is lack of subject matter jurisdiction, this "jurisdictional defect calls for dismissal without prejudice." *Id*. By contrast, "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Id*.

The Court should deny Plaintiff's request for leave to amend because her Second Amended Complaint would not withstand a motion to dismiss. *See Gonzalez v. Franco*, 163 F. Supp. 3d 1039, 1049 (D.N.M. 2016). First, Plaintiff alleges in Count I that her "FLSA claim amounts to at

---

[7] To the extent Plaintiff seeks "an additional 14 days to correct any remaining inadequacies in the allegations," Doc. 16 at 15, this bare request does not constitute a motion for leave to amend. *See, e.g.*, *Brooks v. Mentor Worldwide LLC*, No. 19-3240, — F.3d —, 2021 WL 245246, at *7 (10th Cir. Jan. 26, 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend"). Defendants will therefore address only the proposed Second Amended Complaint. *See* Doc. 16 at 17-25.

least $13,001.25 . . . and considerably more when double back pay liquidated monetary damages are factored." Doc. 16 at 20 ¶ 20. The Second Amended Complaint does not contain any waiver of damages above $10,000. *See id*. ¶ 27 (requesting that the Court transfer Count I to the Court of Federal Claims); *id*. ¶ 42 (not including a waiver in the request for relief). "As the party asserting the claim, [Plaintiff] bears the burden of establishing subject-matter jurisdiction, a burden that requires her to show that she clearly waives any right to recover damages exceeding $10,000." *Goins v. Speer*, No. 4:16-CV-48-D, 2017 WL 3493607, at *6 (E.D.N.C. Aug. 14, 2017). Because the proposed amendment does not show such a clear waiver, the Court should deny leave to amend this claim as futile and dismiss Count I without prejudice. *See id*.

Second, Count II fails to state a failure-to-accommodate claim under the Rehabilitation Act. Plaintiff still contends that she could perform the essential functions of her job, touting the fact that she "was one of the most productive workers at her worksite" and "received excellent reviews for both quality and productivity." Doc. 16 at 22 ¶ 32. Although Plaintiff now alleges she "needed a reasonable accommodation to perform the essential functions of her position without pain, swelling and working off the clock," *id*. at 22-23 ¶ 33, tellingly, she alleges that she only asked for an accommodation in December 2018, some 16 months after she started her position as a decision writer, *see id*. at 18 ¶ 8; *id*. at 24 ¶ 39. Hence, Plaintiff does not plausibly allege that she was unable to perform the essential functions of her position as required for a failure-to-accommodate claim. *See Woodman v. Runyon*, 132 F.3d 1330, 1339 (10th Cir. 1997). Moreover, the amended allegations do not show that she requested a plausibly reasonable accommodation. As Defendants argue above, the request for less-complex assignments was unreasonable as a matter of law. While Plaintiff alleges other reasonable accommodations existed, Doc. 16 at 23 ¶ 36, she does not allege she ever asked for these accommodations. In fact, she admits she did not

know that the voice-recognition software even existed. *Id*. An accommodation claim fails where, as here, an employee "did not request a reasonable accommodation." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1316 (10th Cir. 2017).

Third, Count II fails to state a claim for retaliation under the Rehabilitation Act. Plaintiff continues to rely upon the same alleged materially adverse employment actions—continued failure to accommodate and attempting to push Plaintiff out of her employment. As Defendants argue above, these allegations do not rise to the level of a materially adverse employment action. Consequently, Plaintiff's allegations, accepted as true, do not set forth a plausible claim for retaliation. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192-93 (10th Cir. 2012) (setting forth requirements to state a plausible claim for retaliation). Because Plaintiff's amended Count II would not withstand a motion to dismiss under Rule 12(b)(6), leave to amend this claim would be futile. The Court should therefore dismiss Count II with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Count I without prejudice, dismiss Count II with prejudice, and deny Plaintiff's request for leave to amend.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ Christine H. Lyman 2/22/21*
CHRISTINE H. LYMAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1532; Fax: (505) 346-7205
Christine.Lyman@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2021, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

                                     */s/ Christine H. Lyman 2/22/21*
                                     CHRISTINE H. LYMAN
                                   Assistant United States Attorney